## CONTINENTAL OIL COMPANY

### v.

**Albert B. CRUTCHER, Jr., J. D. Tufts, II, Crutcher-Tufts Corporation, Clifton A. Cowan, Oran R. Carter, Edward E. Miller, Richard E. Heffner, Charles R. Ward, Robert F. Kennon and Hibernia National Bank.**

**Civ. A. No. 76–2469.**

United States District Court,
E. D. Louisiana,
Section B.

Feb. 7, 1979.

Lawrence E. Donohoe, Jr., E. Randall Lolley, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, La., for plaintiff.

Joseph E. LeBlanc, Jr., Milling, Benson, Woodward, Hillyer & Pierson, New Orleans, La., for defendants.

## SUPPLEMENTAL AND AMENDING MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

HEEBE, Chief Judge:

This matter is before the Court on the joint motion of Continental Oil Company, Plaintiff herein ("Continental"), and the Defendants, Albert B. Crutcher, Jr., J. D. Tufts, II, Crutcher-Tufts Corporation, Clifton A. Cowan, Oran R. Carter, Edward E. Miller, Richard E. Heffner, Charles R. Ward, and Robert F. Kennon, to reopen proceedings and judgment on Plaintiff's Motion for Preliminary Injunction, involving deliveries of gas under a certain gas purchase contract dated April 24, 1972, as amended (hereinafter referred to as the "contract"). This matter originally arose as the result of a Motion for Preliminary Injunction filed by Plaintiff to compel Defendants to resume deliveries of natural gas to Continental under the contract. Defendants terminated performance under the contract on April 1, 1976 when Continental would not amend or renegotiate the contract after what, among other things, Defendants contend was a drastic and unforeseen rise in the price and value of natural gas causing them enormous losses, which Defendants assert was a force majeure event under the contract, and which Defendants say destroyed the basic and fundamental assumptions upon which the parties contracted.

A hearing was held upon Continental's motion on February 3, and 4, 1977. This Court made Findings of Fact and Conclusions of Law in connection with its decision denying Continental's request for a preliminary injunction, which were incorporated into a memorandum opinion dated June 29, 1977, 434 F.Supp. 464.

Upon the joint motion of the parties to this action, and in light of the terms of a certain Joint Stipulation entered by the parties hereto as part of the record herein, the proceedings on Plaintiff's Motion for Preliminary Injunction and the Judgment of this Court rendered herein have been reopened and as a result thereof this Supplemental and Amending Memorandum Opinion is rendered.

This Court takes cognizance of the fact that the purpose of the earlier proceedings herein was to determine if Continental was entitled to a preliminary injunction against Defendants under the stringent guidelines of the Federal Rules of Civil Procedure and by the Fifth Circuit Court of Appeal. This Court, in addition to other findings, determined in its original opinion that Continental had not made a sufficient

showing that it would suffer irreparable injury if resumption of gas deliveries by Defendants to Continental was not immediately ordered. Without passing on the merits of Continental's claim for a permanent injunction which is not before the Court at this time, this Court is of the opinion, based on the Record herein and the Joint Stipulations of the parties herein that Continental's claim is compensable in money damages and, therefore, the extraordinary remedy of preliminary injunctive relief is not warranted in this case. *Marthinson v. King*, 150 F. 48, 52 (5th Cir., 1906).

As stated in the earlier opinion rendered herein, the Fifth Circuit in addition to a showing of irreparable injury, has set forth three other factors which must be considered by the Court in exercising its discretion in determining what disposition should be made of a motion for a preliminary injunction under the provisions of F.R. C.P. Rule 65, these factors being:

1) Is there a substantial likelihood that Plaintiff will prevail on the merits?

2) Does the threatened injury to Plaintiff outweigh the threatened harm the injunction may do to Defendants?

3) Would the granting of a preliminary injunction disserve the public interest?

A finding against the Plaintiff on any of the four (4) factors will justify the refusal of preliminary injunctive relief. This Court has found that the Plaintiff has not shown that it will suffer irreparable harm if the preliminary injunction was not granted, and this finding alone justifies the denial of Plaintiff's Motion for Preliminary Injunction.

In light of this finding that Continental failed to show on the trial of the Preliminary Injunction that it would be irreparably injured, the remedy of a Preliminary Injunction was correctly denied it. The Court will rest its decision on this finding. In light thereof, as well as the Joint Stipulation to the effect that the rise in the price and value of natural gas after the execution of the contract, and the losses allegedly sustained by Defendants do not constitute a force majeure event or condition under the

contract, or destroy the fundamental assumptions upon which the parties thereto contracted, all other comments and remarks by the Court in its Memorandum Opinion of June 28, 1977, reported at 434 F.Supp. 464 (D.C.1977) are unnecessary to the Court's decision and are hereby recalled and withdrawn.